## MACLAURY v. HART et al.

*(Common Pleas of New York City and County, General Term. June 2, 1890.)*

1. RELIGIOUS SOCIETIES—MEETING OF TRUSTEES—NOTICE.
    The failure of a notice calling a special meeting of the trustees of a religious corporation to state the object of the meeting, renders the action taken at the meeting in the absence of at least two of the trustees, invalid and illegal.

**2. SAME—RIGHTS OF TRUSTEES—EQUITY.**

Laws N. Y. 1876, c. 176, § 3, as amended by Laws 1880, c. 167, authorizing any two or more religious societies incorporated under the laws of the state to consolidate into a single corporation, with the approval of the supreme court, to be obtained on an application for the purpose, and providing that on such application "all persons interested may be heard," does not debar a trustee and vestryman of a church from maintaining an action in equity to set aside an agreement illegally entered into by his co-trustees for the consolidation of their church with another, the remedy conferred by the statute being merely cumulative and insufficient to deprive plaintiff of his equitable right to have an illegal transaction set aside.

Appeal from special term.

Action by James Maclaury, as trustee of the rector, church-wardens, and vestrymen of the Protestant Episcopal Church of St. Stephen in the city of New York, against A. Bloomer Hart, rector, and James Blackhurst and other, church-wardens, etc., of said church, and the rector, church-wardens, etc., of the Holy Trinity Church of Harlem, to restrain the consolidation of the two churches. The proceedings for the consolidation were taken under Laws N. Y. 1876, c. 176, § 3, as amended by Laws 1880, c. 167, which reads as follows: "Any two or more of the corporations aforesaid [any church, congregation, or religious society incorporated under any of the laws of this state,] are hereby authorized to unite and consolidate themselves into a single corporation of the denomination to which at least one of such corporations shall belong, in the manner following: The said corporations may enter into an agreement, under their respective corporate seals, for the union and consolidation of the said corporations, setting forth the terms and conditions thereof, the name of the proposed new corporation, the church or denomination to which it shall belong, the names of the persons who shall be the church-wardens and vestrymen, or elders and deacons or trustees or other officers, as the case may be, until the first annual election of the proposed new corporation, and fixing the day of such election. But in the case of the Protestant Episcopal churches no such agreement shall be valid unless approved by the bishop and standing committee of the diocese in which such churches are situated; and in case of Presbyterian churches a union under this act shall not be valid unless approved by the presbytery with which such churches are connected. Each of the said corporations may make its separate petition to the supreme court in the judicial district in which such corporations are situated for an order for such union and consolidation, setting forth in such petition the reason for such union and consolidation, the agreement made as hereinbefore provided, and a statement of all its property, real and personal, all its debts and liabilities, and the amount and sources of its annual income. Upon such petition from each of such corporations so proposing to be united and consolidated, and upon the said agreement satisfactorily proved or certified, the supreme court may, in case it shall deem it proper, make an order for the union and consolidation of such corporations, determining all the terms and conditions and provisions thereof. All parties interested therein may be heard on such petition. When such order is made and entered according to the practice of the court, the said corporations shall be united and consolidated into one corporation by the name designated in the order, and it shall have all the rights and powers, and be subject to all the obligations, of religious corporations under the act to which this is supplementary, and the acts amendatory thereof and supplementary thereto." The following opinion was filed at special term:

"ALLEN, J. It is a principle of equity jurisprudence that one of several trustees may invoke the aid of a court of equity to set aside an agreement illegally entered into by his co-trustees, and to restrain the carrying it into effect, as well as to restrain the doing by them of any threatened illegal act. The resolution for consolidation of the churches of St. Stephen's and Holy Trinity Church, of Harlem, to set aside which and to prevent its being car-

ried into effect this action is brought, was passed at a special meeting of the vestry of the Church of St. Stephen's.  The notice calling such meeting did not state the object thereof.  At least two of the trustees were not present. This renders the action taken at the special meeting invalid and illegal.  The rule that a notice calling a special or extraordinary meeting must state particularly the objects of the meeting is amply supported by the authorities. Ang. & A. Corp. § 489; Boone, Corp. § 64; 1 Mor. Priv. Corp. § 482; 1 Wat. Corp. 207, 209, and the cases cited in these text-books.  The plaintiff is thus entitled to the relief he asks for, unless something can be found in the act of 1876, c. 176, as amended by the act of 1880, c. 167, which debars him from the right of the interposition of a court of equity which he possessed before the passage of that act.

"It is contended by the defendant's counsel that the provision of the act referred to requiring an approval of the consolidation agreement by the supreme court upon an application being made therefor, and providing that upon such application 'all persons interested may be heard' does so debar him.  This statute does not give to the parties interested any new right not before known to the common law of equity, and provide a means for enforcing such new right. The equitable right to set aside invalid transactions, and to come into a court of equity for that purpose, under the rules and principles laid down by such courts, is of very old date.  The jurisdiction of courts of equity in this respect cannot, under the constitution of this state, be divested by the legislature.  The clause in this statute may give a cumulative remedy; but the plaintiff is not bound to wait until those he opposes see fit, by making an application, to give him an opportunity of availing himself of that cumulative remedy.  The statute gives the plaintiff no right to initiate any proceedings under it; nor does it prescribe any mode for bringing parties in opposition before the court; nor is there any provision compelling the applicants to disclose to the court the fact that there is opposition, or that persons other than themselves are interested.  A statute of this character does not afford ample, nor even sufficient, remedy to the plaintiff, and he should not be debarred of his equitable right and remitted to defending a proceeding which the defendants may or may not initiate, and of which they may or may not give him notice.  There is sufficient in the history of the case to warrant a belief that the plaintiff's rights may be seriously impaired by such remission.  Upon the views above expressed, the motion must be granted, without entering into the question of the good faith of the parties seeking the consolidation, about which voluminous affidavits have been submitted, and the injunction restraining the defendants from any act or proceeding for the consolidation of the said churches under the resolution passed at a special meeting of the vestry of St. Stephen's Church, February 6, 1890, continued until the final judgment and decree in this action."

Defendants appeal.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Andrew J. Shipman,* (*Wager Swayne,* of counsel,) for appellants Church St. Stephen.  *Charles Blandy,* for appellants Holy Trinity Church.  *David Bennett King,* for plaintiff, respondent.  *Booraem, Hamilton & Beckett,* (*Daniel G. Rollins,* of counsel,) for defendant Blackhurst.

LARREMORE, C. J.  The opinion filed by Judge ALLEN upon granting the injunction states reasons more than sufficient why the defendants should be restrained from further proceedings until after the trial and final judgment.

The order should be affirmed, with costs.